IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARIO E. VILLABONA-ALVARADO, ) ) ) Petitioner, ) ) vs. ) ) FEDERAL BUREAU OF ) PRISONS, ) ) Respondent. ) | Case No. 1:10-cv-1853-AKK |

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this case on September 26, 2011, recommending that the court deny and dismiss the petition for writ of *mandamus*. Doc. 13. Ultimately, petitioner filed his objections to the report and recommendation on February 13, 2012. Doc. 22. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections, and other materials in the court file, the court hereby **ADOPTS** the report and **ACCEPTS** the recommendation.

Petitioner's first objection argues that the magistrate judge erred when he determined that the Federal Bureau of Prisons' ("BOP") regulations do not require

expungement of reference to petitioner's alleged involvement in an 1989 escape plot from his prison records. He contends that various BOP regulations, and specifically 28 C.F.R. § 541.17, preclude the BOP from adversely using in housing, security, and other internal prison decisions and assignments, information for which a prisoner has not been adjudged guilty. As the magistrate judge noted in his report and recommendation, however, "Although Villabona-Alvarado argues that his reading of the Federal Regulations compels the Bureau of Prisons to expunge any mention that his custody status was increased in 1991 due in part to his possible involvement in an unsuccessful escape plot in 1989, the Code of Federal Regulations does not appear to require as much. He has not shown where this duty is codified." Doc. 13 at 4. Indeed, 28 C.F.R. § 541.17, which Villabona-Alvarado cites, applies only to inmates for whom there has been a finding that the inmate did not engage in the alleged conduct: "The Discipline Hearing Officer shall expunge an inmate's file of the Incident Report and related documents following a DHO finding that the inmate did not commit a prohibited act." 28 C.F.R. § 541.17(i). Moreover, this language is included in a section that outlines the procedures for a hearing. There is simply nothing in this regulation that states that a petitioner is entitled to an expungement in situations where his claims of innocence are not supported by a finding after a hearing.

To the extent that petitioner was exonerated by a hearing, he failed to present that evidence to this court. There simply is no regulation that explicitly states that the BOP must expunge from prison records unproven adverse information about an inmate. The closest any regulation comes is § 541.5(b)(3), which states that "except for acts in the Greatest and High severity levels," the BOP must remove from the prisoner's records incident reports resolved informally. In this case, it appears that no incident report was ever created with respect to the alleged escape plot, but even if it was, escape is categorized on either "the Greatest or High severity levels," see 28 C.F.R. § 541.3 Table 1, and, thus, would not have been resolved informally or resulted in removal of the incident report from petitioner's file. Therefore, this objection is overruled.

Petitioner's second objection asserts that the magistrate judge erred in finding that petitioner had other adequate remedies, such as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or a § 2241 *habeas* action. The magistrate judge explained that, "The Eleventh Circuit has established three requirements for issuing a writ of mandamus: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003); see also, Heckler v. Ringer, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984)

(*mandamus* relief is an extraordinary remedy which is only appropriate when plaintiff has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty)." Doc. 13 at 4. But even if the magistrate judge was incorrect, petitioner is not entitled to *mandamus* relief because he cannot show a clear right to have his prison records expunged of references to the alleged escape plot, nor is the BOP under a clear duty to do so. This objection is also overruled.

Petitioner's third objection asserts that the magistrate judge incorrectly concluded that petitioner is entitled to no relief under the Administrative Procedures Act ("APA") because other adequate remedies are available to petitioner. Even if this is incorrect, petitioner is not entitled to a remedy under the APA because he has failed to point to any rule improperly promulgated by the BOP or not followed by the BOP. As explained above, there is no federal regulation or rule that requires the BOP to remove from the petitioner's prison records references to his alleged involvement in an escape plot. In fact, knowledge of such information is critical because it impacts the BOP's mission of providing prison security. After all, whether a particular prisoner evidences a potential for escape is central the BOP's legitimate security objectives. This objection is also overruled.

Finally, petitioner includes a section with the heading "Miscellaneous Objections," in which he contends that the magistrate judge erroneously found that

he was assigned to the ADX Super Max facility for longer than usual, implying that petitioner has disciplinary issues. Having carefully read the report and recommendation, the court agrees with the magistrate judge that the record evidence shows that petitioner received disciplinary infractions while at ADX Super Max. However, these infractions and their inclusion in the report and recommendation have nothing to do with petitioner's claim that he is entitled to expungement of references to the 1989 escape plot. Therefore, this objection is also overruled.

The report and recommendation is also due to be adopted because there is no case or controversy, *see* doc. 10 at 14, before this court. Petitioner's entire case rests on his belief that the inclusion of the 1989 escape attempt has caused him to be placed in higher levels of security than he should have. Assuming Petitioner can even challenge the BOP's decision to place him in higher security facilities, *see McKune v. Lile*, 536 U.S. 24, 39, 122 S. Ct. 2017, 153 L.Ed.2d 47 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Mikeska v. Collins*, 900 F.2d 833, 836 (5th Cir. 1990) ("Inmates have neither a protectable property nor liberty interest in custodial classification."), Petitioner is currently housed in FCI Talladega and was transferred there on March 9, 2009 because of an infraction he committed while at FCI Atlanta, a low level facility, on December 12, 2008. Doc. 10 at 5. This incident, rather than the 1989

escape is why he is housed in Talladega.

By separate order, the court will overrule petitioner's objections, adopt and accept the report and recommendation, and deny and dismiss the petition.

**DONE** this 18th day of September, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE